United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID CASTRO, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-2974 |
| | § | |
| CHEDRAUI USA, INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

**ORDER**

Pending before the Court is Defendant Chedraui USA, Inc.'s ("Defendant" or "Fiesta Mart")[1] Motion for Summary Judgment. (Doc. No. 12). Plaintiff David Castro ("Castro" or "Plaintiff") responded in opposition. (Doc. No. 13). Chedraui replied in support of its motion. (Doc. No. 14). After considering the filings, the admissible summary judgment evidence, and the relevant legal standards, the Court hereby **GRANTS** Fiesta Mart's Motion for Summary Judgment.

## I. Background

This case arises from a slip-and-fall incident in a Fiesta Mart store. On June 5, 2023, Castro slipped and fell on a wet floor shortly after entering Fiesta Mart. (Doc. No. 13–1 (Castro Declaration) at ¶ 4). In his declaration, Castro stated that there were several small puddles just inside the door of the Fiesta Mart—covering a total span of about 20-30 feet—which appeared to

---

[1] It is not clear if Chedraui USA, Inc. is the proper defendant here, as opposed to Fiesta Mart, LLC. Plaintiff pleads that Chedraui is the owner/operator of the "premises" in question in this case. Defendant, however, has pleaded only that it is the sole member of Fiesta Mart, LLC, which Defendant presumably contends operated the store that is at issue in this case. (Doc. No. 2 (Chedraui's Certificate of Interested Parties) at 1). If true, Chedraui may not be the proper defendant. Since Chedraui does not contest its status as the proper defendant, however, the Court need not address this point.

have been rainwater tracked in by customers. (Castro Declaration at ¶ 7). Castro also stated that it had been raining for "a couple hours" at the time he entered the store, and that "the puddles were dirty." (*Id.* at ¶¶ 10, 7). In his deposition, Castro testified that he did not know how long the puddles had been on the floor, and that he did not know whether any Fiesta Mart employee was aware of the puddles before he fell. (Doc. No. 14–1 (Castro Deposition) at 18:20-23, 19:2-5). He also testified that the water was not visible to any of the Fiesta Mart cashiers. (*Id.* at 34:4-9).

Castro brought this suit against Chedraui USA, Inc.—the sole member of Fiesta Mart, LLC—alleging one cause of action for premises liability. (Doc. No. 1–2 at 7).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence

raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

The parties do not dispute that Texas law applies to this dispute. They also do not dispute that Castro was on the premises of the Fiesta Mart as an invitee. That being the case, to recover against Fiesta Mart on a premises liability claim, Castro must prove:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

In its motion for summary judgment, Fiesta Mart contests only the first and second elements: that Fiesta Mart had actual or constructive knowledge of the water that Castro slipped on, and that the water posed an unreasonable risk of harm. (Doc. No. 12 at 2).

### A. Whether Fiesta Mart had actual or constructive knowledge of the puddles

A plaintiff in a premises liability case may prove that a premises owner had actual or constructive knowledge of a condition by showing that: "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Castro has presented no evidence that Fiesta Mart placed the water on the floor or that it actually knew it was there. That being the case, he must present competent summary judgment evidence on which a reasonable jury could find that Fiesta-Mart had a reasonable opportunity to discover the water. *See id.*

The Supreme Court of Texas has held that "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816. Indeed, "[w]ithout some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.* In *Reece*, the Supreme Court of Texas held that there was no evidence of constructive notice where there was no evidence indicating how long the spill had been there, no evidence that the spill was conspicuous, and no evidence concerning the "condition of the spilled liquid that might indicate how long it had been there." *Id.* at 816–17.

In *Gonzalez*, a slip-and-fall case concerning spilled macaroni salad, the Supreme Court of Texas held that evidence that the macaroni salad had dirt, footprints, and cart tracks in it was no evidence of how long the macaroni salad had been there. *Gonzalez*, 968 S.W.2d at 937 (citing *Kimbell, Inc. v. Blount*, 562 S.W.2d 10, 10 (Tex. App.—Austin 1978, no writ) (holding that drying footprints and tracks leading away from puddle of liquid was no evidence that the puddle had been there long enough to put the store on constructive notice)).

In this case, Castro points to a few pieces of evidence that he contends are "temporal" and that satisfy the standard required by *Reece*. Castro testified that (1) it had been raining for a few hours at the time he entered the store and (2) that the puddles were dirty, and from that he concludes that "it was clear from the amount of dirt and debris in the multiple puddles that it had been there for a significant period of time."

The Court can find no basis on which to draw a distinction between dirty water and dirty macaroni. That being the case, this Court is bound by the Supreme Court of Texas's decision in *Gonzalez* to hold that the dirty condition of the puddles is no evidence, under Texas law, of how long the puddles had been there. That leaves Castro's testimony that it had been raining for a few hours as the only evidence on which a factfinder could determine that the water had been on the floor long enough for Fiesta Mart to discover it.

This evidence, without more, is insufficient to avoid summary judgment. There is no evidence in the record about the frequency of foot traffic in and out of the store that day, or of the cleaning practices of the store in question. There are also no witness accounts, photographic or video evidence, or anything else tending to show how long the water had been on the floor. As the *Gonzalez* court reasoned: "it is just as likely that the [puddles] were made by customers traversing the aisle only minutes or even seconds before plaintiff's fall." *Id.* (quoting *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 590 (Tex. App.—Tyler 1978, no writ). Evidence that it had been raining for a few hours and that there was water inside the store is not sufficient, standing alone, for a reasonable factfinder to determine that the water was on the floor long enough to give Fiesta Mart a reasonable opportunity to discover the condition.

Castro cannot show that Fiesta Mart had actual or constructive knowledge of the condition, so the Court need not reach the issue of whether a puddle of water can constitute a dangerous condition.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Fiesta Mart's Motion for Summary Judgment. (Doc. No. 12). This case is hereby dismissed with prejudice.

It is so ordered.

Signed on this the 19th day of October 2026.

Andrew S. Hanen
United States District Judge